UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JULIAN P. ROLLINGS, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | No.   1:16-cv-00018 |
| ) | REEVES/STEGER |
| SEQUATCHIE COUNTY SHERIFF'S ) | |
| DEPARTMENT and SEQUATCHIE ) | |
| COUNTY JUSTICE CENTER, ) | |
| ) | |
|    Defendants. ) | |

**MEMORANDUM AND ORDER**

This is a prisoner's pro se civil rights case under 42 U.S.C. § 1983. This lawsuit was originally filed in the Middle District of Tennessee, but was transferred to this Court on January 29, 2016 [Doc. 5]. In accordance with the Prison Litigation Reform Act ("PLRA") this Court screened Plaintiff's Complaint to *sua sponte* dismiss any claims that are frivolous or malicious, fail to state claim for relief, or are against a defendant who is immune. *See, e.g.*, *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

In his Complaint, Plaintiff claims of inadequate medical treatment while incarcerated at the Sequatchie County Justice Center [Doc. 1 p. 5]. Specifically, Plaintiff claims that Sequatchie County Sheriff's Department and Sequatchie County Justice Center (collectively "Defendants") have violated his Eighth Amendment rights by failing to provide him medication for mental health issues and for "making [him] take another inmate's med[ication]" [*Id.*]. In screening this Complaint, the Court determined that neither Defendant qualified as a "person" subject to suit within the terms of the statute controlling § 1983 claims. *See Monell v. New York City Dep't of*

*Soc. Servs.*, 436 U.S. 658, 689-90 n.53 (1978) (finding that only "bodies politic" are "persons" who can be sued under 42 U.S.C. § 1983.). However, despite Plaintiff's deficiency, the Court granted Plaintiff leave to amend his Complaint for the limited purpose of allowing Plaintiff "to name proper entities as defendants to this suit, clarify the exact nature of his claims against each defendant, and provide concise factual allegations supporting each such claim" [Doc. 8]. The Order was mailed to Plaintiff at the address he listed as his current address but it was returned to the Court as "Return to Sender" and "Unable to Forward" [Doc. 9]. Although the Court's docket reflects that Plaintiff is incarcerated at the Marion County Jail, according to the Tennessee Department of Corrections' on-line Inmate Locator Service – which allows the public to track the location of state inmates – Plaintiff is now incarcerated at Hardeman County Correctional Facility ("HCCC"). *See* Tenn. Dep't of Corr. Felony Offender Information Search, https://apps.tn.gov/foil-app/search.jsp (last visited May 2, 2018). Pursuant to Fed. R. Evid. 201(c), the Court may take judicial notice of the information provided on the Inmate Locator Service. *See, e.g.*, *Demis v. Sniezek*, 558 F.3d 508, 513 n.2 (6th Cir. 2009) (citing *Harvey v. Eichenlaub*, 2007 WL 2782249, at *1 (E.D. Mich. Sept. 24, 2007)). In this case, the Court finds it appropriate, for the sake of efficiency and judicial economy, to take judicial notice of the fact that Plaintiff is currently housed at HCCC. The Clerk is **DIRECTED** to update the docket in this case to reflect Plaintiff's current location of incarceration and to ensure that this Order and any other correspondence are sent to Plaintiff at HCCC. The Clerk is further **DIRECTED** to resend Plaintiff the Memorandum and Order filed October 6, 2017 [Doc. 8] along with a form § 1983 complaint which Plaintiff may use to draft his amended complaint. Plaintiff **SHALL** file his amended complaint – which will replace and supersede all his prior complaint – within 21 days of the entry of this Order. Plaintiff is **NOTIFIED** that failure to timely comply with this Order will result in the dismissal of this action

for want of prosecution and failure to comply with the orders of the Court.  *See* Fed. R. Civ. P. 41(b).

The Court notes that, pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently.  *See* E.D. Tenn. L.R. 83.13.  Accordingly, in the event of any future change of address, Plaintiff is **ORDERED** to file written notice with the Court immediately.  Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.  *See* E.D. Tenn. L.R. 83.13.  The Court further cautions Plaintiff that he shall not be excused from timely compliance with the Court's orders in the event that he does not receive them due to any failure by Plaintiff to comply with Rule 83.13.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**