UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JULIAN P. ROLLINGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:16-cv-00018 |
| ) | REEVES/STEGER |
| SEQUATCHIE COUNTY SHERIFF'S ) | |
| DEPARTMENT and SEQUATCHIE ) | |
| COUNTY JUSTICE CENTER, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This is a prisoner's pro se civil rights case under 42 U.S.C. § 1983. The Middle District of Tennessee, where this lawsuit was originally filed, granted Plaintiff's motion for leave to proceed *in forma pauperis* before transferring the case to this Court [Doc. 4]. On October 6, 2017, in accordance with the Prison Litigation Reform Act ("PLRA"), this Court screened Plaintiff's complaint to determine whether, *inter alia*, the pleading failed to state a claim which would entitle Plaintiff to relief under § 1983 [Doc. 8]. This Court dismissed Defendants Sequatchie County Sheriff's Department and Sequatchie County Justice Center, and granted Plaintiff leave to amend his Complaint for the limited purpose of allowing Plaintiff "to name proper entities as defendants to this suit" [*Id*.]. Plaintiff was forewarned that failure to timely comply with the Court's order would result in the dismissal of the action for want of prosecution and failure to comply with orders of the Court [*Id*. at 4, *citing* Fed. R. Civ. P. 41(b)]. The Order was mailed to Plaintiff at the address he listed as his current address. However, on December 11, 2017, the Order was returned to the Court as "Return to Sender" and "Unable to Forward" [Doc. 9].

Through the Court's own research on the Tennessee Department of Corrections' on-line Inmate Locator Service – which allows the public to track the location of state inmates – the Court found that Plaintiff was transferred to Hardeman County Correctional Facility ("HCCC"). *See* Tenn. Dep't of Corr. Felony Offender Information Search, https://apps.tn.gov/foil-app/search.jsp (last visited August 14, 2018).[1] Accordingly, the Court directed the Clerk to resend Plaintiff the screening Order filed October 6, 2017 [Doc. 10]. The Court notified Plaintiff of his duty to promptly inform the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently in accordance with Local Rule 83.13 [*Id.*, *citing* E.D. Tenn. L.R. 83.13]. Again, Plaintiff was forewarned that failure to timely comply with this order would result in the dismissal of this action for want of prosecution and failure to comply with the orders of the Court. [*Id.*, *citing*, Fed. R. Civ. P. 41(b)]. However, the mail sent by this Court was returned as "Undeliverable" along with the notation "Inmate Paroled/Discharged" [Doc. 11].

Thereafter, the Court ordered Plaintiff to show cause within fourteen days explaining why his case should not be dismissed without prejudice for failure to prosecute and/or failure to follow the order of this Court [Doc. 12]. Once again, Plaintiff was notified that failure to comply with the terms of the order will result in dismissal of his case [*Id.* at 2]. More than fourteen days have passed and Plaintiff has not filed any response to the Court's order to show cause.

Federal Rule of Civil Procedure 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." *See, e.g., Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012);

---

[1] Pursuant to Fed. R. Evid. 201(c), the Court may take judicial notice of the information provided on the Inmate Locator Service. *See, e.g., Demis v. Sniezek*, 558 F.3d 508, 513 n.2 (6th Cir. 2009) (citing *Harvey v. Eichenlaub*, 2007 WL 2782249, at *1 (E.D. Mich. Sept. 24, 2007)).

2

*Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). Involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted.").

The Court considers four factors when considering dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to prosecute this action can be attributed to his own willfulness or fault because he failed to monitor the progress of the case and to prosecute or defend the action diligently as required by Local Rule 83.13. When the Clerk's Office sent the Court Order to Plaintiff at the last address provided, the mail was returned. Thus, it is clear to the Court that Plaintiff did not receive the Order because he failed to update his address and/or monitor this action. Accordingly, the Court finds that the first factor weighs in favor of dismissal.

The second factor, however, weighs against dismissal; since Plaintiff never amended his Complaint as was ordered by this Court, there are no named Defendants in this action. Thus, no one has been prejudiced by Plaintiff's inactions and/or delays.

By contrast, the third factor clearly weighs in favor of dismissal, as Plaintiff has failed to comply with the Court's order, despite being expressly warned of the possible consequences of such a failure [Doc. 8 p. 4; Doc. 10 p. 2; Doc. 12 p. 2].

Finally, the Court finds that alternative sanctions would not be effective. Plaintiff has filed a motion for leave to proceed *in forma pauperis*; therefore, the Court has no indication that Plaintiff has the ability to pay a monetary fine. The Court does not believe that a dismissal *without* prejudice would be an effective sanction to promote Plaintiff's respect for this Court's deadlines and orders, given that the threat of dismissal *with* prejudice was not effective in compelling Plaintiff's compliance. The Court thus concludes that, in total, the factors weigh in favor of dismissal of Plaintiff's action with prejudice pursuant to Rule 41(b).

For the reasons discussed herein, this action is hereby **DISMISSED WITH PREJUDICE** pursuant to Rule 41(b).

**AN APPROPRIATE ORDER WILL ENTER.**

*/s/ Pamela L. Reeves*
**UNITED STATES DISTRICT JUDGE**